JOSEPH COOKSON

*v.*

ANNA RICHARDSON *et al.*

1. RESULTING TRUST—*title acquired as agent.* Where the confidential agent of an aged and illiterate man, having his principal's money to invest, made a loan of a portion of it, taking a note and mortgage from the borrower to himself instead of to his principal, and when the debt became due foreclosed the mortgage and bid in the property at the master's sale, and received a deed therefor, it was *held*, that a resulting trust arose in favor of the principal as to the title of the land thus acquired.

2. In such a case, the transaction is regarded as a purchase paid for by the *cestui que trust*, as the beneficial interest in the money belonged to him, and the investment, subjecting the land to sale under decree of foreclosure and purchasing it by the agent. will not change the character of the fund so as to prevent the *cestui que trust* from claiming the land.

3. DEPOSITION—*taken in another case between other parties.* A deposition taken in another and different cause is not competent evidence, against one not a party to the suit in which it was taken, to prove any fact, except that it may be proper for the purpose of showing notice of the pendency of the proceeding in which it was used.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. E. F. BULL, for the plaintiff in error.

Mr. CHARLES BLANCHARD, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the LaSalle circuit court, to establish a trust. The court refused to decree as prayed, but entered a decree in favor of the complainant for the money value of the land out of which it was claimed the trust arose.

To reverse this decree complainant brings the record here by writ of error, assigning the same as error.

The facts stated in the bill of complaint are fully established by the proof, and are so found by the decree.

It appears that plaintiff in error is an aged and an illiterate man—one of the witnesses stating that he knew him well; that he could not read or write, and had no education.

William C. Richardson. against whose executors and heirs the bill was filed, attended to complainant's business, and, as another witness states, was his confidential friend. Complainant had money on hand, and loaned a portion of it to Lucien P. Sanger, through the agency of Richardson, who took notes, and a mortgage from Sanger on a tract of land, in his own name, he telling Sanger at the time that the money belonged to complainant.

The notes not being paid, Richardson foreclosed the mortgage, bought the land at the master's sale, and received a deed therefor.

The question is, on this state of facts, did a trust result to complainant? It is in proof in this cause that Richardson was the confidential agent of complainant in the use of complainant's money. He was the trustee of this money, and being so, investing it in this land and taking the title in his own name, the trust resulted to the complainant as the *cestui que trust*. Perry on Trusts, sec. 127, p. 100, and cases cited in note. But if Richardson is not to be regarded as the trustee of this money, he was the agent of complainant to invest it. So investing it, and taking a deed to himself, a trust

resulted to the principal. Ib. 101, citing *Follansbee* v. *Kilbreth,* 17 Ill. 522.

In such a case, the transaction is regarded as a purchase paid for by the *cestui que trust,* as the beneficial interest in the money belonged to him, and the identity of the money does not consist in the specific pieces of money or bills, but in the general character of the fund out of which the payment is made, and the fund may be followed so long as its general character can be identified. Ibid. 101, and cases there cited.

Subjecting this land to sale under the decree of foreclosure, and purchasing it by Richardson, did not so change the character of this fund as to prevent complainant from pursuing it in the mode he has selected, for, if Richardson be trustee or agent, it was the money of his principal that paid for the land, he, Richardson, paying nothing more than the costs at the master's sale. We think a trust is established within the rule in *Lantry et al.* v. *Lantry,* 51 Ill. 458, and other cases in this court cited by defendants in error.

We are of opinion the facts establish a resulting trust, and the court should so have decreed.

But it is urged by defendants in error, and that must have been the ground on which the circuit court based the decree, that it was proved on the trial, by the deposition of Lucien P. Sanger, taken in another cause in which this complainant was not a party, to the introduction of which complainant objected, that Richardson had purchased the debt due by Sanger to complainant, of complainant, and should be responsible only for the amount of that debt, which was twenty-five hundred dollars, and six per cent interest thereon.

The evidence to establish this fact, being a deposition taken in another and different cause, and to which complainant was not a party, was not competent evidence to establish it. It was introduced to charge plaintiff in error with notice of the pendency of the proceeding in which it was used. For that purpose it might possibly be evidence, but for no other purpose.

Holding these views, the decree of the circuit must be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*